# HUMES, EX'R, vs. COX.

1. REMOVAL OF EXECUTOR — CITATION. A probate court cannot, under section 14, statute of Wisconsin, 310, remove an executor for the reason that he has removed out of the Territory and become an inhabitant of one of the States, and has not returned and settled his accounts, without first citing him to return and settle; and an appointment of an administrator, *de bonis non*, with the will annexed, made before such citation, and neglect to comply with it, will be vacated and set aside.

2. APPOINTMENT OF ADMINISTRATOR DE BONIS NON. Where an executor had been removed, for the reason that he had removed from the Territory and become an inhabitant of one of the States, and had not returned and settled his accounts, without his having been first cited to return and settle, and an administrator, *de bonis non*, with the will annexed, was appointed in his place, *held* that all proceedings by such administrator were void, and that he had no power to petition for and make sale of the real estate of the deceased. *Sitzman* v. *Pacquette*, 13 Wis. 291; 19 id. 541.

3. LICENSE TO SELL REAL ESTATE — NOTICE. A sale of the real estate of a deceased person, under a license for that purpose, which was granted without notice being given of the time of the hearing of the application therefor, as required by law, will be set aside.

4. EFFECT OF DISCOVERY AND PROBATE OF WILL. Where C. was appointed administrator of the estate of a deceased person who, it was alleged, had died intestate, and commissioners were appointed to receive and adjust claims against the estate, but subsequently a will was discovered and proved, and letters testamentary were issued to the executor named in it, and the letters of administration were revoked, *held*, that the power and authority of such commissioners ceased with the revocation of the letters of administration, and any subsequent action on their part, as such commissioners, was a nullity.

5. LICENSE SHOULD DESCRIBE LANDS. The order of court granting license to sell real estate, and the license issued under such order, must describe the lands to be sold.

6. EVIDENCE OF FRAUDULENT SALE. Where letters of administration were granted to the sole creditor of the deceased, and a sale of several tracts of land is made by such administrator to pay the debt, and the proceeds of the sale just equal the debt and expenses of sale, it is impossible to resist suspicion as to the honesty of the transaction.

ERROR to the District Court for *Grant* County.

The case is fully stated in the opinion of the court.

*T. P. Burnett* and *Wm. R. Smith*, for plaintiff in error.

*F. J. Dunn*, for defendant in error.

MILLER, J. This case was brought into the district court by appeal from the probate court.

From the record of the probate court, it appeared that John Humes died in the State of Pennsylvania; and that on the 21st day of April, 1840, *George H. Cox*, this defendant, petitioned to be appointed the administrator of said estate, representing that. there were no widow or next of kin of said deceased in said county, and that he was a creditor; whereupon letters of administration were issued to him. On the same day, the said administrator had appraisers appointed, and also represented the estate as insolvent, and had commissioners appointed to receive, examine, and adjust the claims against said estate. On the ninth day of September of the same year, the will of said deceased, executed and proven in Pennsylvania, was presented for probate and allowance, which was allowed and recorded, after due notice given; and on the tenth of October, letters testamentary were granted and issued to *Samuel Humes*, the executor named therein, and the letters of administration to *Cox* revoked. On the twenty-first of the same month, the commissioners reported on the debts against said estate, which report embraced only a debt in favor of said *Cox* of $272. January 30, 1843, said *Cox* presented a petition to the judge of probate, setting forth that he was a creditor of said estate; that *Samuel Humes*, the executor, had removed out of the Territory, and was then a resident of the county of Lancaster, in the State of Pennsylvania, and so removed out of this Territory before his accounts as such executor were settled; and that he had refused to settle his accounts and pay to petitioner his debt due from said estate, and praying to be appointed administrator *de bonis non*, with the will annexed. Whereupon the said judge ordered notice to be given of the pendency of this petition, and for those interested to show cause against the same by the fourth Monday of March next ensuing; said notice was directed to be published for there weeks in a

Humes vs. Cox.

paper printed in Grant county. *Cox* in pursuance of said petition was appointed said administrator, and on the eighteenth day of April of the same year presented his petition, without a verification by affidavit, for an order to sell the real estate of said deceased, or so much thereof as might be necessary for the payment of said debt; whereupon said judge of probate ordered that notice of said application be advertised in a paper printed in said county for three weeks. May thirteenth, no person appearing to object to said application, or order prayed for, the said judge made an order for the sale. Said order, and the license issued thereon, are in general terms for the sale of the lands of decedent, or so much thereof as may be necessary, without any description whatever. On the twenty-fourth of August, the said administrator returned his license, with a report of sale, which on motion was confirmed. The administration account of said estate was filed by said administrator, and confirmed by the judge of probate on the same day, whereby the amount of sales and the amount of the said debt and costs and expenses are made to balance. Returned with the papers is the account of *Samuel Humes* as such executor as aforesaid, appearing to have been filed with the said judge of probate on the 4th day of February, 1843, and indorsed "disallowed" by the judge of probate on the thirteenth of the same month.

October the 6th, 1843, the said *Samuel Humes* presented to the district court of Grant county, under the tenth section of the act establishing courts of probate, etc., a petition for leave to appeal from all the aforesaid acts, decrees, orders and doings, and they all being within one year, the said appeal was allowed by the court, and at the October term (1844) of the said district court, the said appeal came on to be heard, when the said several decisions, orders and decrees of the said probate court were affirmed; and the judge having intimated a desire that this case should be investigated by this court

all the papers on file were ordered to be transmitted, with the transcript of record, to this court.

The first and fatal error in these proceedings is, that according to section 14 of the act concerning executors and administrators, on page 310 of the statutes (which is the section under which the petition was filed by said *Cox* for his appointment as such administrator, in January, 1843), it nowhere appears in the proceedings of the probate court that *Samuel Humes*, the said executor, after he removed himself without this Territory and became an inhabitant of Pennsylvania, or at any other time, had been required by the judge of probate to come into this Territory and settle his account. On this subject there does not appear to have been any official act of the probate court. What is stated in the petition of *Cox*, on this subject, is extra-judicial. The judge of probate had no reason for not giving the executor official notice to come into the Territory and settle his accounts, for he, by the previous proceedings in the year 1840 and in *Cox's* petition, was apprized of his place of residence in Pennsylvania. And in February, before said *Cox* had been appointed on his petition such administrator, the said executor filed with the judge his account of said estate. This error is fatal, and, for this reason, the appointment, and letters to said *Cox* as such administrator, must be vacated and annulled.

This disposes of all the subsequent proceedings, as they must all be considered as void, the said *Cox* not having legal authority to petition for and make the sale. But we will proceed to show that the sale should be set aside for other reasons.

Under section 29 of the act concerning executors, administrators and guardians, the probate court, previous to passing on any petition or representation, for the sale of real estate, shall order due notice to be given to all parties concerned, or their guardians, who do not signify their assent to such sale, to show cause at

such time and place as shall be appointed, why such license shall not be granted; and in case any person concerned be not an inhabitant of this Territory, nor have any guardian, agent or attorney therein, who may represent him or her, the court may cause the said petition to be continued for a reasonable time, and the petitioner shall give notice of said petition to such absent person as the court may direct, or cause the notice to be published in some newspaper in this Territory three weeks successively. By the record of the order, the notice was to be published in a Grant county paper for three weeks.

The printed notice contains the order for two weeks publication, and the proof of publication is obliterated and altered, so that it is quite probable that the notice was only inserted in that paper for two weeks. But, aside from this, the judge and the petitioner both knew of the place of residence of the executor; and the hearing of the petition should not have been ordered to be had at so short a time, that due notice could not be communicated to him, so as to enable him to be present. Under the law the judge of probate would have been performing an honest duty, to continue the time for hearing, and giving the executor notice of the application. In addition to this error of the probate court, the only evidence he had before him of the debts was the report of the commissioners, who were *functus officio*, by the removal of *Cox* from the administration in October, 1840. The report filed by them on the 21st of October, 1840, after the letters to *Cox* were vacated, was a nullity. Nor were the facts set forth in *Cox's* petition, for an order of sale, verified by an affidavit. Nor does he return any description of the lands of which the testator died seized. It was also necessary for the order of the court and the license to contain a description of the tract or tracts of land so ordered to be sold. And from the return of sale and subsequent account, it appears that the amount of the sales of different tracts of land, is just made to balance this debt of *Cox's*

and expenses.  It is impossible to resist suspicion of the honesty of these transactions.

The office of judge of probate is one of the most important offices in the Territory, and its duties should be strictly and faithfully performed.  Titles must necessarily be dependent in part on the proceedings of courts of probate ; for which reason it is the duty and business of this court, in all cases, to require a strict and legal proceeding in that court.  We cannot overlook errors that affect the rights and property of persons, but must reverse them.

It is therefore considered and adjudged by the court, that the judgment of the district court of Grant county be, and is hereby reversed with costs.  And it is ordered by the court now here, that this judgment be certified to the said district court of Grant county, with orders to said court to reverse, annul and vacate the letters of administration on the estate of John Humes, deceased, so issued as aforesaid, to the said *George H. Cox*, and also all subsequent proceedings thereto, of said *Cox* as such administrator, in the said probate court, including the sale of said real estate of said John Humes, deceased ; and that the said *Cox* pay all the costs and expenses of this suit and of the said proceedings before the probate court.